1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THOR CONSTRUCTION, INC.,

  Plaintiff,

v.

U.S. DEPARTMENT OF TREASURY-
INTERNAL REVENUE SERVICE, et al.,

  Defendants.

2:11-CV-1210 JCM (CWH)

**ORDER**

Presently before the court is defendant United States of America's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (Doc. #14). Plaintiff Thor Construction, Inc. filed an opposition. (Doc. #18). Defendant then filed a reply. (Doc. #19).

On September 30, 2010, the Internal Revenue Service ("IRS") served a notice of levy on plaintiff for the unpaid taxes of Maximum Enterprises, Inc. (Doc. #1). The IRS issued a final demand for payment to plaintiff on November 10, 2010. (Doc. #1, Ex. 1). On January 12, 2011, the IRS issued a second final demand for payment. (Doc. #14, Ex. 1). The second final demand for payment erroneously referenced a January 12, 2011, notice of levy; the IRS did not issue a notice of levy on January 12, 2011. (Doc. #14, Ex. 1). Plaintiff did not surrender the property pursuant to the September 30, 2010, levy, and filed the instant complaint on July 26, 2011. (Doc. #1).

The complaint maintains two separate actions: one for wrongful levy pursuant to 26 U.S.C. § 7426 and one for federal interpleader pursuant to Federal Rule of Civil Procedure 22. (Doc. #1).

Defendant now moves to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. First, defendant argues that the § 7426 cause of action should be dismissed because it is time-barred pursuant to 26 U.S.C. § 6532(c)(1). (Doc. #14). Second, defendant asserts that the Rule 22 interpleader action should be dismissed for lack of subject matter jurisdiction. (Doc. #14).

## Legal Standard

A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted."

The court must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Further, the court must draw all reasonable inferences in plaintiff's favor. *Twombly*, 550 U.S. at 547. However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

**Wrongful Levy, 26 U.S.C. § 7426**

An action for wrongful levy by persons other than the taxpayer under 26 U.S.C. § 7426 must be filed within "9 months from the date of the levy or agreement giving rise to such action." 26 U.S.C. § 6532(c)(1). The court may dismiss the cause of action if, "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006).

James C. Mahan
U.S. District Judge

- 2 -

1       In this case, the only notice of levy was filed on September 30, 2010. (Doc. #1). Therefore, plaintiff had until July 1, 2011, to file a wrongful levy action. 26 U.S.C. § 6532(c)(1). Plaintiff did not file the instant complaint until July 26, 2011. (Doc. #1). Accordingly, the running of the statute is apparent on the face of the complaint. *See Huynh*, 465 F.3d at 997.

       Plaintiff argues that the instant complaint is timely because the January 12, 2011, second demand for final payment "referred" to a second levy. (Doc. #18). Plaintiff does not assert, let alone demonstrate, that a second levy was issued. Instead, plaintiff argues that the second demand for final payment's erroneous reference to a January 12, 2011, levy implied the existence of a second levy. Therefore, this "second levy" extended the deadline for filing a wrongful levy action to October 13, 2011, because the IRS did not notify plaintiff of its mistake until after the statute of limitations had expired. (Doc. #18).

       Plaintiff is responsible for timely prosecuting its case. It is not reasonable for plaintiff to assume the existence of a second notice of levy simply because the second demand for final payment referenced a levy date different from the September 30, 2011, notice of levy. Accordingly, this action is not timely because plaintiff failed to file the instant action by July 1, 2011.

       Further, plaintiff did not extend the filing deadline by 12 months pursuant to 26 U.S.C. § 6532(c)(2) by filing a request for relief from the levy. The 12-month extension pursuant to § 6532(c)(2) only applies if the plaintiff makes a request "for the return of property." 26 U.S.C. § 6532(c)(2). Here, plaintiff never surrendered property, so it could not make a request "for the return of property" under § 6532(c)(2).

       Finally, plaintiff argues that equitable tolling applies and the instant action should not be dismissed as untimely. (Doc. #18). Specifically, plaintiff asserts that it relied on the "written representation that a second levy was issued on January 12, 2011 . . . ." (Doc. #18). Additionally, plaintiff alleges that it was "lulled into believing that [defendant] was working in good faith to resolve the wrongful levy" because defendant did not respond to plaintiff's request for relief from the levy until after the limitations period had expired. (Doc. #18).

**James C. Mahan**
**U.S. District Judge**

- 3 -

The court finds that equitable tolling does not apply here. Again, plaintiff is responsible for prosecuting its case. It was unreasonable for plaintiff to rely on the alleged "written representation" in the second demand for final payment. Similarly, it was unreasonable for plaintiff to delay filing its wrongful levy action while waiting for an email response from defendant. Therefore, plaintiff's wrongful levy action was not filed with the statute of limitations and must be dismissed.

**Interpleader Action, Federal Rule of Civil Procedure 22**

Federal Rule of Civil Procedure 22 "is merely a procedural device; it confers no jurisdiction on the federal courts." *Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1382 (9th Cir. 1988). "[S]uits against the government are barred by sovereign immunity absent an unequivocally expressed waiver." *Russell v. United States Dept. of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999). "Only Congress enjoys the power to waive the United States' sovereign immunity." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007).

Here, plaintiff argues that an email from an IRS attorney to plaintiff waived sovereign immunity when the IRS requested that plaintiff "interplead the funds in the U.S. District Court." (Doc. #18). This is not a proper waiver of sovereign immunity. *See Dunn & Black, P.S.*, 492 F.3d at 1090. Therefore, the court does not have jurisdiction over plaintiff's Rule 22 action.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant United States of America's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (doc. #14) be, and the same hereby is, GRANTED.

DATED April 6, 2012.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -